UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | |
|---|---|
| JOSEPH TELUCH | Chapter 13<br>Case No. 20-16002 |
| Debtor(s) | Judge DONALD R CASSLING |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 8, 2020, at 9:30 A.M., I will appear before the Honorable Judge DONALD R CASSLING, or any judge sitting in that judge's place, and present Motion for Relief from Automatic Stay, a copy of which is attached.

*/s/ Timothy R. Yueill*
By: Timothy R. Yueill, Esq.

**Served upon the following parties electronically:**
DAVID H CUTLER, CUTLER & ASSOCIATES, LTD., 4131 MAIN ST., SKOKIE, IL 60076 - Counsel for Debtor(s)
TOM VAUGHN, 55 E. MONROE ST., STE 3850, CHICAGO, IL 60603 - Trustee
PATRICK S. LAYNG, OFFICE OF THE U.S. TRUSTEE, REGION 11, 219 S. DEARBORN ST., ROOM 873, CHICAGO, IL 60604-U.S. Trustee

**and served upon the following parties by mail:**
JOSEPH TELUCH, 220 S ROSELLE RD, UNIT 521, SCHAUMBURG, IL 60193 - Debtor(s)

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917)746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: */s/ Timothy R. Yueill*
*Law Offices of Ira T. Nevel, LLC*
*175 N. Franklin Street, Suite 201*
*Chicago, IL 60606*
*(312)357-1125*
*pleadings@nevellaw.com*

<u>Certification of Service</u>

    I, the undersigned, an attorney, certify under penalty of perjury under the laws of the United States of America that I have served a copy of this Notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on September 28, 2020 before the hour of 5:00 p.m.

                                                        By: */s/ Timothy R. Yueill*

**LAW OFFICES OF IRA T. NEVEL, LLC**
Ira T. Nevel
Timothy R. Yueill
Greg Elsnic
Aaron Nevel
175 North Franklin St. Suite 201
Chicago, Illinois 60606
(312) 357-1125
Pleadings@nevellaw.com
MO
# 20-02079

THIS FIRM IS A DEBT COLLECTOR

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

JOSEPH TELUCH

Debtor(s)

Chapter 13
Case No. 20-16002

Judge DONALD R CASSLING

## MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY

NOW COMES Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, a secured creditor herein, by and through its counsel, LAW OFFICES OF IRA T. NEVEL, LLC and moves this Honorable Court for an Order granting IN REM relief from the Automatic Stay in effect as to this creditor, and in support thereof, states as follows:

1. Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2. The Debtor herein filed a Petition under Chapter 13 of Title 11, United States Bankruptcy Code on August 21, 2020.

3. Said Creditor is a mortgagee lien holder on the real property commonly known as 220 S ROSELLE RD , SCHAUMBURG, IL 60193.

4. The debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note (the "Note"). A copy of the Note, dated as executed on June 17, 2005, is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note.

5. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit B.

6. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to certain assignments of mortgage, copies of which are attached hereto as Exhibits C-1 thru C-2.

7. That enforcement of said security interest has been stayed automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code.

8. That the instant petition is the 5th bankruptcy petition filed by the Debtor since the underlying Mortgage and Note was executed.

9. Since the execution of the above referenced mortgage lien documents, the Debtor has litigated the following petitions:

| BK Case No. | Date Filed | Dismissed/Discharged | Grounds |
|---|---|---|---|
| 08-26023 (7) | 09/29/08 | 01/21/09 | DISCHARGED |
| 13-18796 (13) | 05/02/13 | 06/02/15 | Dismissed/Plan Payments |
| 15-26975 (13) | 08/06/15 | 08/06/19 | Dismissed/Plan Payments |
| 19-25468 (13) | 09/19/19 | 04/28/20 | Dismissed/Plan Payments |

10. The Movant, its agents or assignors, was forced to move to lift the automatic stay in all of the above Chapter 13 petitions.

11. That in the instant case, despite the Court's allowance to extend the stay, the Debtor is already in default of the 1st post- petition payment due under the proposed Plan in which the Debtor intends to pay the Movant directly.

12. That Movant has alleged a pre-petition default of 31 months and arrears in excess of $30,000.00 in its filed claim.

13. That Debtor's failure to make even the 1st payment due under the proposed Plan illustrates either a clear inability to perform under the proposed plan or just bad faith in further prejudicing the Movant in its pursuit of its state court rights and remedies.

14. That this Creditor is entitled to relief from the Automatic Stay under 11 U.S.C. §362(d) as the Debtor is post due for the September 2020 payment and the October 2020 mortgage payment shall be due shortly as well.

15. Said failure to make post-petition mortgage payments is sufficient grounds for relief from the Automatic Stay for cause pursuant to 11 U.S.C. §362(d)(1).

16. That in addition, based on the above cited past history, Movant is seeking relief pursuant to 11 U.S.C. § 362(d)(4)(B), for *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two years by the debtor herein, or any other person or entity with an interest in the Property

17. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred $850 in legal fees and $176 in costs. Movant reserves all right to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

18. That this Court has the authority to order that Rule 4001(a)(3) is not applicable to the Order entered in granting this Motion, and this Creditor requests this Court to so order.

*WHEREFORE*, this Creditor, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, prays that this Court enter an In Rem Order, pursuant to 11 U.S.C. § 362(d)(4) and/or alternatively under 11 U.S.C. §362(d), granting relief from the Automatic Stay and for such other additional relief as this Court may deem fit.

    Law Offices of Ira T. Nevel, LLC

*/s/ Timothy R. Yueill*
By:  Timothy R. Yueill, Esq.
Counsel for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2

**LAW OFFICES OF IRA T. NEVEL, LLC**
Ira T. Nevel
Timothy R. Yueill
Greg Elsnic
Aaron Nevel
175 North Franklin St. Suite 201
Chicago, Illinois  60606
(312) 357-1125
Pleadings@nevellaw.com
MO
# 20-02079