UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   20-16002 |
| JOSEPH TELUCH | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## AGREED ORDER CONDITIONING THE AUTOMATIC STAY

THIS MATTER COMING to be heard on the Motion of the Creditor, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, its agents or assigns,  ( hereinafter known as " Wilmington Trust " ) for relief from the Automatic Stay, the parties in agreement as to the below terms;

 IT IS HEREBY ORDERED THAT the Automatic Stay shall remain in effect conditioned upon the following:

1. Should Debtor becomes thirty ( 30 ) days delinquent in the payment of any one post-petition mortgage payment due Wilmington Trust and/or any one plan payment due the Trustee as set forth in the plan, Wilmington Trust, it's agents or assigns,   may file and serve on Debtor, his Counsel, and the Trustee a Notice of Default. The Debtor shall have fourteen (14) days from the date of the filing of said Notice within which to cure the existing default set forth in such Notice.

2. If the Debtor fails to make such cure, then on the fifteenth (15th) day after the filing of said Notice, the Automatic Stay in this cause shall be modified as to Wilmington Trust in rem pursuant to 11 U.S.C.§362(d)(4)(B) as to the real property commonly known as 220 S ROSELLE RD., SCHAUMBURG, IL 60193, pursuant to Illinois Law, upon the filing of a Notice of Modification with the Court, without further Order of Court or proceeding being needed.

3. That in the event a Notice of Default is appropriately issued pursuant to the terms set forth above, the Debtor shall pay an additional $150.00 as attorney fees its issuance and shall tender said amount along with the default cure alleged therein in order to fully satisfy the Notice.

4. That the Debtor shall be able to timely cure any default as set forth in appropriately issued Notice of Default a total of two (2) times. In the event of a 3rd default of terms as set forth in paragraph 1. above , Wilmington Trust may issue and file a  Notice of Modification without the prior issue of a Notice of Default.

 5. The Proof of Claim heretofore submitted by this Creditor shall stand unaffected and payments made thereunder shall be paid to this Creditor unless a Notice of Modification is filed with the Court .

| | |
|---|---|
| /s/ Michelle Mandroiu Esq. | /s/ Timothy R. Yueill, Esq |
| Counsel for JOSEPH TELUCH | Counsel for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 |

Enter: _Donald R. Cassling_

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated:  October 28, 2020

**Prepared by:**

Ira T. Nevel
Timothy R. Yueill
Greg Elsnic
Aaron Nevel
175 North Franklin St. Suite 201
Chicago, Illinois  60606
(312) 357-1125
Pleadings@nevellaw.com